IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,  :  <br>　　　　　Plaintiff,　　　　　　　　　: <br>　　　　　　　　　　　　　　　　　: <br>　　v.　　　　　　　　　　　　　　:　Civil No. 5:22-cv-01830-JMG <br>　　　　　　　　　　　　　　　　　: <br>JOHNNIE PEEBLES, *et al.*,　　　　　: <br>　　　　　Defendants.　　　　　　　: | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**　　　　　　　　　　　　　　　　　　　　　　　　**April 4, 2023**

　　　　Pending before the Court is an interpleader action brought under Section 1335 by Plaintiff Banner Life Insurance Company to determine the proper beneficiary for life insurance policy proceeds in the amount of $22,287.12, plus applicable interest.  28 U.S.C. § 1335 (2005).  The policy's owner, Gail Peebles (the "Insured") is now deceased.  Plaintiff Banner brings this action against Defendant Gaynelle Bloh (née Peebles), the Insured's daughter, and Defendant Johnnie Peebles, the Insured's husband.  Banner requests a final judgment order in interpleader against all Defendants and moves for default judgment against Defendant Peebles.  *See generally* Pl. Mot. Final J. Order in Interpleader and Order of Default J., ECF No. 22.  For the following reasons, Banner's motion will be granted in part and denied as moot in part.

I.     **FACTUAL BACKGROUND**

Plaintiff Banner is a Maryland corporation with its principal place of business in Maryland.[1] On January 25, 1993, Banner issued a life insurance policy with a face value of $25,000.000 to Gail Peebles as the Owner and Insured (the "Policy"). ECF No. 1 ¶6. The Insured's insurance application provided the Insured's daughter, Defendant Gaynelle Bloh, was the beneficiary of the Policy in its entirety. *Id.* ¶7.

On January 17, 2017, Banner changed the Owner of the Policy to the Insured's husband, Defendant Johnnie Peebles, in accordance with the Insured's direction. *Id.* ¶8. Mr. Peebles asserts that he became the beneficiary of the Policy at this time. *Id.* ¶9.

The Insured died on December 3, 2021. *Id.* ¶10. Banner received a Proof of Loss Claimant Statement from Ms. Bloh on December 29, 2021. *Id.* ¶12. In response, Banner advised Ms. Bloh "of a potential competing claim by [Mr.] Peebles and a potential need to interplead the Policy proceeds in the event a resolution could not be achieved amongst the Defendants" on January 24, 2022. *Id.* ¶13. Banner then received a Proof of Loss Claimant's Statement from Mr. Peebles on March 9, 2022. *Id.* ¶14.

On March 14, 2022, Banner notified both Ms. Bloh and Mr. Peebles of a potential need to interplead the Policy proceeds in the event they could not reach a resolution. *Id.* ¶15. As of the date of filing the Complaint, neither Ms. Bloh nor Mr. Peebles has verified a resolution will be achieved concerning the recipient of the Policy proceeds. *Id.* ¶16.

---

[1]  Pl. Compl. for Interpleader, ECF No. 1 ¶1. The Court notes "[a]t this stage, we take as true all well-pleaded facts (other than those related to damages) in the . . . Complaint." *United States v. CAMCO Mgmt., Inc.*, No. CV 18-4293-KSM, 2021 WL 4132305, at *1 (E.D. Pa. Sept. 9, 2021). (citing *Serv. Emps. Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018)).

2

On May 11, 2022, Banner filed a Complaint for Interpleader. *See generally id.* Banner "admits its contractual liability under the Policy in the amount of $22,287.12, plus any applicable interest thereon." *Id.* ¶17. But, Banner avers, "[d]ue to competing claims for the Policy proceeds, Banner cannot discharge its admitted liability under the Policy without exposing itself to multiple litigation, multiple liability, or both." *Id.* ¶18. Banner also sought leave of the Court to deposit the proceeds of the Policy, plus any applicable interest thereon, into the Registry of the Court pending the Court's further order concerning who is entitled to receive the proceeds. *Id.* ¶19. Upon the Court's Order, Banner deposited the sum of $22,911.17 into the Court's Registry. *See* ECF No. 21.

On September 19, 2021, Banner moved for a Final Judgment Order in Interpleader against all Defendants and an Order of Default Judgment against Johnnie Peebles.[2] Specifically, Banner now seeks the Court to (1) enjoin Defendants from commencing any suit or continuing to prosecute any action against Banner to claim the proceeds of the Policy; (2) enter a judgment requiring Defendants to interplead and settle among themselves their rights to the portions of the Policy; (3) release Banner from all liability, indemnity and contribution to any and all parties for claims arising from the life insurance policy proceeds at issue; and (4) enter default judgment as to Defendant Peebles. *Id.*

## II.   LEGAL STANDARD

"The equitable remedy of interpleader allows a person holding property to join in a single suit two or more persons asserting claims to that property." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (quoting *NYLife Distrib., Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 372

---

[2]   *See generally* ECF No. 22. On July 19, 2022, default was entered against Defendant Peebles for failure to appear, plead, or otherwise defend this matter.

n. 1 (3d Cir.1995)). "The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability." *Id.* So "[i]interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings." *Id.* Then "[t]he competing claimants are left to litigate between themselves." *Id.* (internal citation omitted).

Section 1335 of the United States Code provides the elements for interpleader relief. *See generally* 28 U.S.C. § 1335 (2005). "Section 1335 requires the existence of five elements before interpleader relief is appropriate: (1) the interpleader action must be brought by a stakeholder who has "custody or possession" of the funds to be distributed; (2) the action must concern the minimal jurisdictional amount of $500; (3) there must be two or more adverse claimants asserting a right to the fund; (4) the adverse claimants must be of diverse citizenship as defined in 28 U.S.C. § 1332; and (5) the full amount disputed must be deposited in the court registry or a bond given made payable to the clerk of courts in the appropriate amount." *Midland Nat'l Life Ins. Co. v. Rivas*, 318 F.R.D. 303, 306 (E.D. Pa. 2016) (citing *Aetna, Inc. v. Jones*, No. 06–2245, 2007 WL 266423, at *3 (E.D. Pa. Jan. 24, 2007)).

"The typical interpleader action proceeds in two distinct stages." *Lexington Ins. Co. v. Jacobs Indus. Maint. Co.*, LLC, 435 F. App'x 144, 146 (3d Cir. 2011) (quoting *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir.2009) (internal citations omitted)). "First, the court determines whether the action is proper and whether to discharge the stakeholder from liability." *Id.* "Next, the court will determine the rights of the claimants." *Id.*

### III. DISCUSSION

Banner requests a final judgment order in interpleader against all Defendants and moves for default judgment against Defendant Peebles. The Court addresses these issues in seriatim.

#### a. Motion for Final Judgment Order in Interpleader

The Court first examines Banner's Motion for a Final Judgment Order in Interpleader to determine whether it is properly brought and whether to discharge Banner from further liability. Here, Banner contends its claim for interpleader meets the jurisdictional and statutory requirements under Section 1335; thus, Banner avers it should be discharged from liability at this first stage in the interpleader action. *See generally* ECF Nos. 22, 22-1.

First, "[t]he] court has jurisdiction 'of any civil action of interpleader' if the value of the stake at issue is '$500 or more' so long as '[t]wo or more adverse claimants, of diverse citizenship . . . . are claiming or may claim to be entitled to such money or property' and the plaintiff has deposited the money or property at issue, or a bond for such, with the court." *Lexington*, 435 F. App'x at 147 (quoting 28 U.S.C. § 1335 (2005)). Here, all jurisdictional conditions are met. The Parties do not contest that the claimants are diverse, nor that the amount in controversy is met.[3]

---

[3]    Banner alleges it is incorporated in and possesses its principal place of business in Maryland. ECF No. 1 ¶1. Defendant Bloh is a citizen of Pennsylvania. *Id.* ¶3; Def.'s Req. the Court Dismiss, ECF No. 9 ¶2. And Banner avers Defendant Peebles is a citizen of New Hampshire. ECF No. 1 ¶2; ECF No. 22 ¶15 (serving Defendant Peebles with a copy of Banner's Motion for Final Judgment at a New Hampshire address). So the Parties satisfy Section 1335's "'minimal diversity' requirement, 'that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens.'" *CAMCO Mgmt.*, 2021 WL 4132305, at *3 (quoting *State Farm Fire & Cas. Ins. Co. v. Tashire*, 386 U.S. 523, 530 (1967)).
    Additionally, Banner alleges Defendants maintain competing claims to the Policy proceeds totaling $22,287.12, plus applicable interest—this amount clearly exceeds Section 1335's amount in controversy requirement. 28 U.S.C. § 1335 (2005); *see also* ECF No. 22 ¶1; ECF No. 9 (*pro se* Defendant Bloh acknowledging the Policy at issue and failing to dispute the amount in controversy).

And Defendants Bloh and Peebles are adverse because they "are claiming or may claim the same fund[,]" here, the proceeds of the Policy.[4]  Banner also properly brought this action in the judicial district in which Defendant Bloh resides. *See Phoenix Ins. Co. v. Small*, 307 F.R.D. 426, 429 (E.D. Pa. 2015) ("Actions in the nature of interpleader may be brought in the judicial district in which one or more of the claimants reside.") (citing 28 U.S.C. § 1397)).

Next, "for interpleader relief to be ordered, the full amount disputed must be deposited into the court registry." *Midland*, 318 F.R.D. at 308.  "Once an interpleader plaintiff pays the full amount disputed into the court's registry, and the claimants to that res have been given notice and opportunity to be heard and ordered to interplead, 'the law normally regards the plaintiff as having discharged its full responsibility.'" *Id.* (quoting *Phoenix*, 307 F.R.D. at 435 (internal quotation omitted)).  "At this point, a plaintiff acting in good faith is typically entitled to be discharged from the litigation and protected from further liability arising out of any claims to the funds at issue." *Id.*

Here, Banner deposited the money at issue—the Policy proceeds plus any applicable interest, totaling $22,911.17— into the Court's Registry on August 26, 2022.  And Banner has not placed the amount it owes in dispute. *Cf. id.* at 308-09.  Thus, Banner's interpleader claim meets the jurisdictional requirements for statutory interpleader under Section 1335 because it is a disinterested stakeholder that properly deposited the proceeds of the Policy into the Court's Registry as the *res* for this interpleader action.  Accordingly, the Court will grant Banner's motion

---

[4]  *Midland*, 318 F.R.D. at 307 (citing *Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir. 1957).  And the Court notes "jurisdiction is not dependent on the merits of the respective underlying claims." *Id.*  Here, Banner alleges Defendant Bloh and Defendant Peebles have competing claims to the Policy proceeds at issue. *See* ECF No. 1 at 2-3.  Defendant Bloh has also acknowledged Defendant Peebles' claim to the Policy, although she disputes the merits of his claim. *See* ECF No. 9 at 2-3.

to the extent it seeks interpleader relief discharging Banner from liability under the Policy. The Court will also enjoin Defendants from commencing or continuing to prosecute any actions against Banner as to the proceeds of Gail Peebles' insurance policy. *See* 28 U.S.C § 2361 (1949).

### b. Motion for Default Judgment against Defendant Peebles

The Court now turns to Banner's request for default judgment as against Defendant Peebles under Rule 55 of the Federal Rules of Civil Procedures. "Under Rule 55, '[a]fter a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment.'" *W. Coast Life Ins. Co. v. Salak*, No. CV 3:22-272, 2022 WL 3686571, at *3 (M.D. Pa. Aug. 25, 2022) (quoting *Serv. Emps. Int'l Union v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 634 (E.D. Pa 2018)). The U.S. Court of Appeals for the Third Circuit "generally disfavors default judgment and encourages decisions on the merits." *Id.* (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008)).

Because the Court grants Banner interpleader relief, its request for default judgment against Defendant Peebles is rendered moot. *See e.g., W. Coast Life Ins.*, 2022 WL 3686571, at *3 ("Because the court will grant West Coast Life interpleader relief, its request for default judgment against [defendant] is rendered moot."); *Principal Life Ins. Co. v. Brooks*, No. 1:19-CV-00450, 2020 WL 3469080, at *3 (M.D. Pa. June 25, 2020) (". . . [O]nce a party has been granted interpleader relief, that party's request for default judgment against another party is moot."); *Primerica Life Ins. Co. v. Coleman*, No. 3:16-CV-2429, 2017 WL 4711436, at *2 (M.D. Pa. Oct. 20, 2017) ("Because the Court grants summary judgment as to Primerica's claim for interpleader relief, Primerica will be dismissed from the case, rendering its motion for default judgment against [defendant] moot."); *Motor Vehicle Accident Indemnification Corp. v. Ambroise*, No. 22-CV-

04715 (BMC), WL 17083289, at *2 n. 2 (E.D.N.Y. Nov. 18, 2022) (finding plaintiff's request for a default judgment against non-appearing defendants moot in light of the court's grant of interpleader relief). Accordingly, the Court will deny that portion of Banner's motion, without prejudice to any of the Interpleader Defendants filing a similar motion during the second stage of the interpleader proceeding.

And further, the Court notes "'a district court may sua sponte enter default judgment' against a defendant, particularly where that defendant . . . failed to appear at a court proceeding or comply with court orders." *New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2021 WL 640412, at *2 (S.D. Ohio Jan. 4, 2021) (entering default judgment sua sponte against an unresponsive defendant in an interpleader action) (quoting *Turner v. Whitehorn*, 205 F.3d 1342 (6th Cir. 1999); and citing *Metro. Life Ins. Co. v. Kent*, No. 07-11091, 2008 WL 302372, at *5 (E.D. Mich. Feb. 4, 2008)); *see also Crowley v. Chait*, No. CV 85-2441 (HAA), 2005 WL 8165117, at *2 (D.N.J. July 27, 2005) (applying the *Poulis v. State Farm and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) framework and entering default judgment sua sponte against a defendant).

### c. The Remaining Interpleader Action

"The remaining question [in this matter] is how to address step two of this interpleader action, i.e., the resolution of the claimants' interests in the interpleader funds." *Motor Vehicle*, No. 2022 WL 17083289, at *3. Accordingly, the Court will proceed to resolve this dispute, if any, between claimants Defendant Gaynelle Bloh and Defendant Johnnie Peebles.

### IV. CONCLUSION

For the foregoing reasons, Banner's Motion for Interpleader and Default Judgment is granted in part and denied as moot in part. Banner's motion is granted to the extent it seeks

interpleader relief, and it will be denied as to its request for default judgment against Defendant Peebles.

  An appropriate Order follows.

                BY THE COURT:

                */s/ John M. Gallagher*
                JOHN M. GALLAGHER
                United States District Court Judge